```
RANDY S. GROSSMAN
Acting United States Attorney
ANDREW P. SHERWOOD
Assistant U.S. Attorney
Oregon Bar No. 126338
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone (619) 546-9690

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED
AUG 20 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SERGIO DOMINGUEZ SANTOS (2),<br><br>　　　　　Defendant. | Case No. 20-cr-2686-CAB<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Andrew P. Sherwood, Assistant United States Attorney, and defendant, SERGIO DOMINGUEZ SANTOS, with the advice and consent of Lauren J. Clark, counsel for defendant, as follows:

//
//
//
//
//
//
//

APSH:mt:7/28/21

Def. Initials ___

I

**THE PLEA**

A.   THE CHARGE

Defendant agrees to plead guilty to a Superseding Information charging defendant with:

Count 1

On or about August 11, 2020, within the Southern District of California, defendant, SERGIO DOMINGUEZ SANTOS, an alien ~~illegally and unlawfully in the United States~~ admitted to the U.S. under a non immigrant visa, did knowingly possess ammunition that traveled in and affected interstate commerce, to wit: 5 rounds of 40 caliber ammunition in violation of Title 18, United States Code, Section 922(g)(5)(B) and 924(a)(2).

In addition, defendant consents to the forfeiture allegations of the Information and agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

B.   FORFEITURE

Defendant agrees the Forfeiture Addendum to this Agreement, incorporated by reference, shall govern the forfeiture of the ammunition and firearm seized in this case.

II

**NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1.  Defendant willfully and knowingly possessed ammunition;

2.  The ammunition traveled in and affected interstate commerce; and

3.  At the time Defendant possessed the ammunition, he was an alien admitted to the United States under a nonimmigrant Visa.

2

Def. Initials SD
Case No. 20-cr-2686-CAB

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1. On August 11, 2020, Defendant knowingly possessed 5 rounds of .40 caliber bullets in his hotel room, located in the Southern District of California;

2. Specifically, the Defendant possessed 5 rounds of .40 caliber bullets which were in a Smith and Wesson model MP 40 caliber pistol.

3. The Defendant agrees, that the United States could prove, that the ammunition and firearm found in his hotel room on August 11, 2020, were manufactured outside of California and moved in interstate commerce;

4. On August 11, 2020 the Defendant ~~was~~ he was an alien admitted to the United States under a nonimmigrant, ~~expired~~ B1/B2 Visa.

### III.

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. A maximum 10 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100 per count

D. A term of supervised release of 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. Forfeiture and abandonment to the United States of all firearm and ammunition alleged in the Information.

3

Def. Initials
Case No. 20-cr-2686-CAB

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS
AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

G. Defendant knowingly and voluntarily waives any rights and defenses Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if

Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will

bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also

not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1. Base Offense Level [§ 2K2.1(a)(6)]                          14
2. Acceptance of Responsibility [§ 3E1.1]                      -2
2. Dismissed and Uncharged Conduct                             +6*
   [USSG § 5K2.21]

*The parties agree that in addition to ammo the defendant illegally possessed, [agents found] a .40 caliber Smith and Wesson handgun in the hotel room.

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

     5.    Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the Defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X of this plea agreement.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend the greater of: the low end of the advisory Guidelines range as calculated by the Government, the statutory mandatory minimum sentence, if applicable, or the time served in custody at the time of sentencing.

G.    SPECIAL ASSESSMENT AND FORFEITURE

    1.   Special Assessment

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall

be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

  2. Forfeiture

Defendant agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

H.  SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

I.  **IMMIGRATION CONSEQUENCES**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) defendant may appeal a custodial sentence above the greater of 71 months or the statutory mandatory minimum term, if applicable; and (ii) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

  A.  Failing to plead guilty pursuant to this agreement;

  B.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

  C.  Failing to appear in court;

  D.  Attempting to withdraw the plea;

  E.  Failing to abide by any court order related to this case;

F.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence

11

Def. Initials SD
Case No. 20-cr-2686-CAB

derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement and the forfeiture addendum embody the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//

## XV

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

8/10/21
DATED

ANDREW P. SHERWOOD
Assistant U.S. Attorney

8/8/21
DATED

LAUREN J. CLARK
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

8-8-21
DATED

SERGIO DOMINGUEZ SANTOS
Defendant

Approved by:

*Michael A. Deshong*
MICHAEL A. DESHONG
Assistant U.S. Attorney

Rev. 5/14/2020 JSS:dca

FORFEITURE ADDENDUM TO PLEA AGREEMENT

United States v. SERGIO DOMINGUEZ SANTOS

Case No. _20CR2686-CAB_

Defendant understands and agrees that this forfeiture addendum to the plea agreement will be filed with the Court at the same time as the filing of the main plea agreement. The Court at the time of the Fed. R. Crim. P. Rule 11 plea colloquy will have both the main plea agreement and this addendum before the Court, and any reference during the hearing to the "plea agreement" will be understood to be a reference to the main plea agreement together with this addendum. Both parties will insure that the Court is aware of and is considering both the plea agreement and this addendum at the Rule 11 hearing. If this issue is not raised by either party at the Rule 11 hearing, any objection relating to that issue will be considered waived.

I, SERGIO DOMINGUEZ SANTOS, certify that I have read the preceding paragraph (or it has been read to me in my native language), and that I have discussed it with my counsel and fully understand its meaning and effect. I am satisfied with counsel's representation.

8-8-21
Date

[signature]
SERGIO DOMINGUEZ SANTOS
Defendant

Acknowledgment by Counsel:

8/6/21
Date

[signature]
LAUREN J. CLARK
Defense Counsel

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into, and is a part of the Defendant's plea agreement, and the additional terms and warnings below apply. In addition to the penalties set forth in the Plea Agreement, Defendant understands that for the offense to which the Defendant is pleading guilty, forfeiture of all firearms and ammunition involved in the offense is an additional mandatory penalty for the offense. Defendant agrees and understands that as a part of the plea agreement, he is agreeing to forfeiture of property for his illegal conduct.

A.  PROPERTY SUBJECT TO FORFEITURE

In addition to pleading guilty to Count 1 of the Superseding Information, as set forth in Section I of the main agreement, Defendant agrees to forfeit to the United States all property seized in connection with this case, including, but not limited to: Smith and Wesson model MP 40 caliber pistol, serial number #LFE7706, and all ammunition seized.

B.  BASES OF FORFEITURE

Defendant agrees the properties described in paragraph A above are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c) as any firearm and ammunition involved in and used in the knowing violation of the offense, and any violation of any other federal law.

C.  IMMEDIATE ENTRY OF PRELIMINARY ORDER OF FORFEITURE

Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea.

- 2 -       Def. Initials

Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant's interests in the property described above.

In addition, Defendant agrees to immediately withdraw any claims to any and all properties seized in connection with this case in any pending administrative or civil forfeiture proceedings, and consents to and agrees to not contest the forfeiture of all properties seized in connection with this case. Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of any properties seized in connection with this case in the forfeiture proceedings ancillary to this criminal case, and in any related administrative and civil forfeiture proceeding.

D. <u>ENTRY OF ORDERS OF FORFEITURE AND WAIVER OF NOTICE</u>

Defendant consents and agrees to the entry of orders of forfeiture for all properties and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty pleas.

Def. Initials 

E.   WAIVER OF CONSTITUTIONAL AND STATUTORY CHALLENGES

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

F.   AGREEMENT SURVIVES DEFENDANT; NO FORFEITURE ABATEMENT

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns.

//
//
//
//
//
//

- 4 -    Def. Initials

1     Defendant understands that the main plea agreement and this
2 forfeiture addendum embody the entire plea agreement between the
3 parties and supersedes any other plea agreement, written or oral.

4   8-8-21
5 Date                             SERGIO DOMINGUEZ SANTOS
                                    Defendant

6
7 Acknowledgment by Counsel:

8   8/8/21
  Date                          LAUREN J. CLARK
9                                  Defense Counsel

10
11   8/10/21
  Date
12                                ANDREW P. SHERWOOD
                               Assistant U.S. Attorney

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                             -5-           Def. Initials _____